**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JULIEANNE WHEELER, | ) |
|                  Plaintiff, | ) |
| v. | ) |
| BLATT HASENMILLER LEIBSKER & MOORE LLC, and ALPHA RECOVERY CORPORATION, | ) |
|                  Defendants. | ) |

**COMPLAINT**

**MATTERS COMMON TO MULTIPLE CLAIMS**

**INTRODUCTION**

1.   This action seeks redress for unlawful collection practices engaged in by defendants, contrary to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

**JURISDICTION & VENUE**

2.   This Court has jurisdiction, under 15 U.S.C. §1692, and 28 U.S.C. §§1331 and 1337.

3.   This Court is a proper venue, because (a) Blatt Hasemiller Leibsker & Moore LLC is located within this District, and (b) the conduct complained of took place within this District.

**PARTIES**

4.   Plaintiff Julieanne Wheeler is an individual who resides in New Lenox, Illinois, which is within this District.

5.   Defendant Blatt Hasenmiller Leibsker & Moore LLC ("Blatt") is a law firm organized as an Illinois professional corporation, with its principal office at 125 S. Wacker Dr., Suite 400, Chicago, Illinois 60606.

6.   Blatt regularly sought to collect consumer debts originally owed to others.

1

7. Blatt regularly used the mails and telephone system in conducting its business.

8. Blatt is a "debt collector" as defined in the FDCPA.

9. Defendant Alpha Recovery Corporation ("Alpha") is a corporation with its principal place of business located at 5660 Greenwood Plaza, Suite 101, Greenwood Village, Colorado 80111.

10. Alpha is engaged in the business of a collection agency, using the mails and telephone system to collect alleged delinquent consumer debts originally owed to others.

11. Alpha is a "collection agency" subject to the FDCPA.

12. The alleged debt collected by Alpha and Blatt from plaintiff was incurred for personal, family or household purposes, and not for business purposes.

## FACTS

13. On or about June 16, 2011, Blatt sent plaintiff a collection letter, attached as Exhibit A, seeking to collect an alleged credit card debt. This letter was received by plaintiff shortly after it was mailed.

14. Exhibit A was the initial letter plaintiff received from Blatt.

15. On or about July 11, 2011, plaintiff sent Blatt a letter requesting verification of the debt. A copy of this letter is attached as Exhibit B.

16. At no time was verification received.

17. On information and belief, there was no response to Exhibit B.

18. On or about September 13, 2011, Blatt, on behalf of its client, filed a collection lawsuit against Julieanne Wheeler seeking to collect the debt at issue in Exhibits A & B.

19. On or about September 21, 2011, Blatt sent plaintiff the letter attached as Exhibit C.

20. Julieanne Wheeler disputed the debt, and moved to dismiss the lawsuit.

21. The lawsuit was nonsuited, on December 16, 2011.

22. Shortly thereafter, the alleged creditor, Equable Ascent Financial LLC –

2

which had notice of the dispute lodged by plaintiff, and which did not resolve that dispute or otherwise respond to it – placed the debt at issue in Exhibits A, B & C, and the lawsuit, for collection with Alpha.

23. Between late December 2011 and January 13, 2012, Alpha called plaintiff, her husband, and a co-worker seeking to collect the alleged credit card debt.

24. At all relevant times, Alpha knew plaintiff's location information, as she had been served with process in the lawsuit and had appeared therein.

25. On or about January 13, 2012, Alpha sent to plaintiff the letter attached as Exhibit D, which was received by plaintiff shortly thereafter.

26. Exhibit D was sent, and the telephone calls from Alpha were made, on behalf of Equable Ascent Financial LLC, with Alpha being its agent.

## COUNT I – ALPHA

27. Plaintiff incorporates paragraphs 1-26.

28. This claim is against Alpha Recovery Corporation, only.

29. Alpha violated 15 U.S.C. §1692c by contacting third parties, namely plaintiff's husband and her co-worker, with respect to the debt. Alpha had no legitimate reason to do so, as it knew plaintiff's location.

30. 15 U.S.C. §1692c(b) provides:

> Except as provided in [15 U.S.C. §1692b], without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

31. 15 U.S.C. §1692b permits calls to third parties in order to ascertain location information on the alleged debtor. For reasons described here, such information was already known to Alpha; therefore, the exception stated in 15 U.S.C. §1692c(b) does not apply.

32. Plaintiff did not give, to Alpha, consent to contact anyone besides herself

3

regarding the alleged debt.

33. Alpha did not have a judgment against plaintiff, and did not otherwise have permission from a court, to contact persons other than plaintiff regarding the alleged debt.

34. Through its contacts with third parties, Alpha caused plaintiff to suffer from embarrassment and annoyance, for which compensation is appropriate.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against Alpha for:

(A) Statutory damages;

(B) Actual damages;

(C) Attorney's fees, litigation expenses and costs of suit; and

(D) All other proper relief.

## COUNT II – BLATT

35. Plaintiff incorporates paragraphs 1-26.

36. This claim is against Blatt Hasenmiller Leibsker & Moore LLC.

37. Blatt violated 15 U.S.C. §1692g when it filed suit against plaintiff without verifying the debt in response to Exhibit B.

38. The conduct of Blatt caused damage to plaintiff, who was frustrated, embarrassed and upset on account of the conduct of Blatt, which filed suit even though a proper dispute had been lodged. Plaintiff had to expend time and effort to address the lawsuit filed against her, which Blatt had no right to file.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

(A) Statutory damages;

(B) Actual damages;

(C) Attorney's fees, litigation expenses and costs of suit; and

(D) All other proper relief.

s/ Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)